**H. Duane COOK, Plaintiff,**

v.

**The BOARD OF THE COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE,**

**and**

**Edward Drake, Defendants.**

**Civil Action No. 97–2022–KHV.**

United States District Court,
D. Kansas.

May 29, 1997.

James T. George, Lawrence, KS, for H. Duane Cook.

Timothy J. Mudd, Fortini & Magruder, Kansas City, MO, for Wyandotte County, KS.

John M. Cassidy, Office of Atty. Gen., Topeka, KS, for Edward Drake.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on the *Motion To Dismiss* (Doc. # 16) filed March 12, 1997 by highway patrol officer Edward Drake, and the *Motion To Dismiss* (Doc. # 18) filed March 25, 1997 by the Board of County Commissioners of Wyandotte County, Kansas ("the Board"). For the following reasons, the Court finds that Officer Drake's motion should be overruled and that the Board's motion should be sustained in part and overruled in part.

### Motion To Dismiss Standards

In ruling on a motion to dismiss, the Court must assume the truth of all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The Court must view all reasonable inferences in favor of plaintiff, and the pleadings must be construed liberally. *Swanson,* 750 F.2d at 813; Fed.R.Civ.P. 8(a). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court may not dismiss a cause of action for failure to state a claim

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). Although plaintiff need not precisely state each element of his claim, he must plead minimal factual allegations on those material elements that must be proved. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

### Factual Background

Plaintiff brings this suit under 42 U.S.C. § 1983, claiming that defendants wrongfully arrested and prosecuted him for disorderly conduct under K.S.A. § 21–4101. Plaintiff's claims arise from a traffic stop on July 15, 1995, in Wyandotte County, Kansas. According to plaintiff's second amended complaint,[1] Officer Drake, a highway patrol officer, was parked in his patrol car monitoring the speed of passing vehicles. Plaintiff, a passenger in a passing car, "flipped the bird" to Officer Drake. Officer Drake stopped the car and cited plaintiff for disorderly conduct in violation of K.S.A. § 21–4101. Plaintiff claims that Officer Drake's conduct—stopping the car, arresting him, issuing him a ticket, and prosecuting a criminal case against him—constituted an unreasonable seizure of plaintiff's person and penalized him for exercising First Amendment rights.

Plaintiff further alleges that the Wyandotte County District Attorney's Office maintained a policy whereby the arresting officer had "absolute control" over which cases would be prosecuted and which cases would be dismissed on the traffic docket. Plaintiff claims that this delegation of prosecutorial discretion deprived him of free speech and due process rights under the United States Constitution. Finally, plaintiff alleges that Assistant District Attorney Kiann Dodd deprived him of free speech and due process rights by advising Officer Drake that plaintiff's conduct violated K.S.A. § 21–4101. Defendants insist that plaintiff's claims are legally deficient and should be dismissed for failure to state a claim pursuant to Fed. R.Civ.P. 12(b)(6). Additionally, Officer Drake argues that the claims asserted against him are barred by qualified immunity, and the Board argues that the claims asserted against it are barred by absolute prosecutorial immunity.

### Analysis

Disorderly conduct is a criminal offense in Kansas. K.S.A. § 21–4101 provides in relevant part as follows:

> Disorderly conduct is, with knowledge or probable cause to believe that such acts will alarm, anger or disturb others or provoke an assault or other breach of the peace: ...
>
> (c) Using offensive, obscene, or abusive language or engaging in noisy conduct tending reasonably to arouse alarm, anger or resentment in others.
>
> Disorderly conduct is a class C misdemeanor.

The Kansas Supreme Court has narrowly construed K.S.A. § 21–4101(c) to prohibit only "fighting words"—words which by their very utterance inflict injury or tend to incite an immediate breach of the peace. *State v. Huffman*, 228 Kan. 186, 612 P.2d 630, 635–36 (1980). Fighting words are not protected by the First Amendment. *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); *Cannon v. City & County of Denver*, 998 F.2d 867, 873 (10th Cir.1993). Defendants argue that plaintiff's gesture was equivalent to "fighting words" and that plaintiff therefore cannot state an actionable claim for wrongful arrest and prosecution under Section 1983.

The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers, and this freedom is one of the principal characteristics by which we distinguish a free nation from a police state. *City of Houston v. Hill*, 482 U.S. 451, 462–63, 107 S.Ct. 2502, 2509–10,

---

1. Defendants filed the present motions in response to *Plaintiff's First Amended Complaint* (Doc. # 13) filed March 10, 1997. Although that complaint has been superseded by *Plaintiff's Second Amended Complaint* (Doc. # 30) filed May 9, 1997, the Court construes the motions to be lodged against the current complaint.

96 L.Ed.2d 398 (1987); *see also Guffey v. Wyatt,* 18 F.3d 869, 872 (10th Cir.1994); *Duran v. City of Douglas,* 904 F.2d 1372, 1378 (9th Cir.1990); *Buffkins v. City of Omaha,* 922 F.2d 465, 472 (8th Cir.1990) cert. denied 502 U.S. 898, 112 S.Ct. 273, 116 L.Ed.2d 225 (1991). We therefore reject defendants' unprincipled assertion that one who "flips the bird" to a police officer, from a moving vehicle, necessarily forfeits all constitutional rights under the First, Fourth and Fourteenth Amendments. When we consider only the allegations of plaintiff's complaint and afford him the benefit of all favorable inferences, the Court cannot conclude "beyond a doubt" that plaintiff—by his very conduct—inflicted injury on Officer Drake or tended to incite an immediate breach of the peace by Officer Drake. On these facts, the "fighting words" doctrine does not insulate defendants from liability as a matter of law, and their motion to dismiss on this theory must be overruled.

 The Court also finds that Officer Drake is not entitled to qualified immunity. Qualified immunity would shield Officer Drake from suit for damages if a reasonable officer could have believed that plaintiff's arrest was lawful in light of clearly established. law and information which Officer Drake possessed. *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987). Law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity. Id. This is an objective standard that leaves ample room for mistaken judgments. Id; see *also Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986).

 Officer Drake argues that plaintiff had no clearly established constitutional right to "flip off" a law enforcement officer because the gesture (or its verbal equivalent) constituted "fighting words." We have already addressed and rejected this argument.

The real issue, however, is not whether plaintiff had a constitutional right to "flip off" Officer Drake, but whether Officer Drake reasonably could have believed that plaintiff was engaged in disorderly conduct (as the Kansas Supreme Court has narrowly defined that term) when he "flipped [him] the bird." The plain language of K.S.A. § 21–4101 requires language or conduct which tends to reasonably arouse alarm, anger or resentment in others. Since 1980, this section has been limited to words which *by their very utterance* inflict injury or tend to incite an immediate breach of the peace. *See Huffman,* 612 P.2d at 635–36. On this record the Court cannot infer that a reasonable police officer would necessarily believe that plaintiff was engaged in disorderly conduct or that— in light of clearly established law and the information known to Officer Drake—a reasonable police officer would have had probable cause to arrest plaintiff and charge him with disorderly conduct in violation of Kansas Law.[2] Accordingly, Officer Drake is not entitled to qualified immunity.

Plaintiff claims that the Wyandotte County District Attorney's Office deprived him of free speech and due process in two regards. First, in Count III, plaintiff claims that the district attorney's office followed a policy which unlawfully delegated to the arresting officer the final decision whether to prosecute traffic related offenses and that because of this policy, plaintiff was prosecuted for not being "polite" to the arresting officer. Plaintiff claims this policy violated his right to free speech and due process. Second, in Count IV, plaintiff claims that Kiann Dodd, an assistant district attorney, deprived him of free speech and due process by advising Officer Drake that his conduct amounted to disorderly conduct.

 The Board argues that "the longstanding law of both the federal and state courts clearly provides that county prosecu-

---

**2.** As irritating or insulting as plaintiff's conduct may have been, government officials may not exercise their authority for personal motives, particularly in response to real or perceived slights to their dignity. Moreover, the Supreme Court has recognized that "a properly trained [police] officer may reasonably be expected to

'exercise a higher degree of restraint' than the average citizen, and thus be less likely to respond belligerently to 'fighting words.'" *Lewis v. City of New Orleans,* 415 U.S. 130, 135, 94 S.Ct. 970, 973, 39 L.Ed.2d 214 (1974) (J. Powell, concurring).

tors (as well as the counties which employ them) are absolutely immune from the types of claims Mr. Cook is attempting to assert through this action." A prosecutor is entitled to absolute immunity for conduct associated with the initiation of a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 995–96, 47 L.Ed.2d 128 (1976). Plaintiff asserts that prosecutorial immunity does not bar his claims, however, because a municipal policy[3] caused the constitutional injury in question. See *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993). Under *Monell*, a municipality can be held directly liable under § 1983 when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts a constitutional injury. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037–38. This is direct, not vicarious liability, premised on the existence of some policy fairly attributable to the municipal government itself. See *Haynesworth v. Miller*, 820 F.2d 1245, 1272 (D.C.Cir.1987).

■ While it does appear that plaintiff's claims in Count III are couched in language calculated to avoid the doctrine of prosecutorial immunity, it also appears that the policy alleged—prosecution based on "how polite" to the arresting officer the defendant has been—could interfere with the exercise of individual rights to free speech. Whether plaintiff can establish the existence of this policy, whether the policy is properly attributable to the County, and whether the County was the "moving force" behind the alleged constitutional injury, remain to be seen. See *Board of County Comm'rs of Bryan County v. Brown*, — U.S. ——, ——, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626, 639–41 (1997).[4] At this stage, however, plaintiff alleges sufficient facts to survive the Board's motion to dismiss Count III.

■ The Court sustains the Board's motion, however, with respect to Count IV. Plaintiff alleges that Assistant District Attorney Kiann Dodd advised Drake that plaintiff's conduct constituted disorderly conduct under Kansas law. Plaintiff does not allege that in doing so, Dodd acted pursuant to a government policy or custom, or that Dodd's advice or acts might fairly be said to represent official policy. See *Monell*, 436 U.S. at 690, 98 S.Ct. at 2035–36. In other words, plaintiff does not allege a sufficient basis for liability on the part of the County. Accordingly, Count IV must be dismissed.

**IT IS THEREFORE ORDERED** that Officer Drake's *Motion To Dismiss* (Doc. # 16) filed March 12, 1997, should be and hereby is overruled.

**IT IS FURTHER ORDERED** that the Board's *Motion To Dismiss* (Doc. # 18) filed March 25, 1997, should be and hereby is sustained as to Count IV of plaintiff's second amended complaint and otherwise overruled.

**IT IS FURTHER ORDERED** that Drake's *Motion For Stay Of Proceedings* (Doc. # 25) filed April 28, 1997, requesting the Court to stay proceedings pending the Court's determination on his motion to dismiss, should be and hereby is overruled as moot.

---

**.3.** "Municipal" in this context refers to local government units not considered part of the State for Eleventh Amendment purposes. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 at n. 55, 98 S.Ct. 2018, 2036 at n. 55, 56 L.Ed.2d 611 (1978).

**4.** This is particularly true where, as here, the Board's motion to dismiss has not addressed plaintiff's municipal liability theory.